JS 44 (Rev. 11/04)                                  **CIVIL COVER SHEET**                                         APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
**ERIC D. JOHNSON**

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) **(215) 340-8400**
**Jeanne Rathgeber, Esquire, Hill Wallack LLP**
**777 Township Line Road, Suite 250 Yardley, PA 19067**

### DEFENDANTS
**INDEPENDENCE BLUE CROSS**

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**42 U.S.C § 2000e**
Brief description of cause:
**Racial Discrimination**

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **In Excess of $150,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE **9/15/09**    SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT   APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3505 West Moreland Road, Apartment C12, Willow Grove, PA 19090

Address of Defendant: 1901 Market Street, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Same as above
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☐

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Jeanne Rathgeber, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/15/09    _____    30391
                 Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/15/09    _____    30391
                 Attorney-at-Law              Attorney I.D.#

CIV. 609 (4/03)

UNITED STATES DISTRICT COURT APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3505 West Moreland Road, Apartment C12, Willow Grove, PA 19090

Address of Defendant: 1601 Market Street, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Same as above
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Jeanne Rathgeber, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/15/09      _____      38391
                   Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/15/09      _____      38391
                   Attorney-at-Law              Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

**ERIC D. JOHNSON** : CIVIL ACTION
:
v. :
**INDEPENDENCE BLUE CROSS** :
: NO.
:

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 9/15/09 | _(signature)_ | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 348-0488 | (215) 348-9605 | JR@JRWallack.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

AO 398 (03/08) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
__Eastern__ District of __Pennsylvania__

ERIC B. JOHNSON
_____ )
        Plaintiff )
        v. )   Civil Action No.
INDEPENDENCE BLUE CROSS )
_____ )
        Defendant )

### Notice of a Lawsuit and Request to Waive Service of a Summons

To: __Independence Blue Cross__
(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days (*give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States*) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date _____

_Signature of the attorney or unrepresented party_
Jeanne Rathgeber, Esquire
Printed name

777 Township Line Road, Suite 250
Yardley, PA 19067
Address

JR1@HillWallack.com
E-mail address

(215) 340-0400
Telephone number

AO 399 (03/08) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

ERIC D. JOHNSON
_____
Plaintiff
v.
INDEPENDENCE BLUE CROSS
_____
Defendant

)
)
)   Civil Action No.
)
)

## Waiver of the Service of Summons

To: Jeanne Rathgeber, Esquire
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date _____

_____
Signature of the attorney or unrepresented party

_____
Printed name

_____
Address

_____
E-mail address

_____
Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**United States District Court**
Eastern District of Pennsylvania
United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

*Chambers of*
*Harvey Bartle III*
*Chief Judge*

*Clerk's Office*
*Room 2609*
*Telephone*
*(215)597-7704*

*Michael E. Kunz*
*Clerk of Court*

## NOTICE OF RIGHT TO CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

The district judges of this Court have found that the United States magistrate judges are experienced judicial officers who have regularly handled the disposition of hundreds of civil cases through motions and trials and are fully qualified to try any civil cases arising before this Court.

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that pursuant to Local Rules 72.1(h), the United States magistrate judges of this district, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment. Appropriate consent forms for this purpose are available from the clerk of court.

Your decision to consent, or not to consent, to the referral of your case to a United States magistrate judge for disposition is entirely voluntary and should be communicated solely to the clerk of the district court. Only if all the parties in the case consent to the reference to a magistrate judge will either the judge or magistrate judge be informed of your decision. **If you decide to consent, your case will receive a date certain for trial.**

No action eligible for arbitration will be referred by consent of the parties until the arbitration has been concluded and trial *de novo* demanded pursuant to Local Rules 53.2, Paragraph 7. The Court may, for good cause shown, or on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.

When a case is referred to a magistrate judge for all further proceedings, including the entry of final judgment, the final judgment shall be appealed directly to the Court of Appeals for the Third Circuit in the same manner as an appeal from any other judgment of a district court.

Nothing herein shall be construed to be a limitation of any party's right to seek review by the Supreme Court of the United States.

HARVEY BARTLE III
CHIEF JUDGE

MICHAEL E. KUNZ
CLERK OF COURT

Civ 635(1/06)

**HILL WALLACK LLP**
BY: **JOANNE RATHGEBER, ESQUIRE** (Attorney I.D. No. 30391)
   **TIFFANIE BENFER, ESQUIRE** (Attorney I.D. No. 202096)
777 Township Line Road, Suite 250
Yardley, PA 19067
(215) 340-0400                                              Attorney for Plaintiff

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC D. JOHNSON**<br>3505 W. Moreland Road<br>Apt. C12<br>Willow Grove, PA 19090<br>   Plaintiff,<br><br>v.<br><br>**INDEPENDENCE BLUE CROSS**<br>1901 Market Street<br>Philadelphia, PA  19103<br>   Defendant. | No. _____<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

**I.   INTRODUCTION**

1.   This action for equitable, monetary, and other relief is brought by Plaintiff, Eric D. Johnson, to redress intentional violations by Defendant, Independence Blue Cross, of rights secured by the laws of the United States and the statutory law of the Commonwealth of Pennsylvania.

**II.   JURISDICTION**

2.   This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. Section 2000e, et seq., and 28 U.S.C. Section 1331. Additionally, this action is also brought pursuant to the Pennsylvania Human Relations Act (PHRA), 43 P.S. §951,

et. seq., as amended 1991. The amount in controversy, exclusive of interests and costs, exceeds $150,000.

3. Plaintiff, Eric D. Johnson, has exhausted federal administrative remedies. Plaintiff filed two separate Charges of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No. 530-2008-00660 on or around February 22, 2008 and Charge No. 530-2008-02594, on or around June 8, 2008. Both claims were dual-filed with the Pennsylvania Human Relations Commission. On or about June 30, 2009, the EEOC issued a right to sue letter for both claims. This suit is timely filed.

4. State law claims asserted under Pennsylvania common law are before this Honorable Court pursuant to 28 U.S.C. Section 1367, supplemental jurisdiction.

### III. VENUE

5. The actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, the place in which the claims arose and the place where Independence Blue Cross conducts business.

6. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b).

### IV. PARTIES

7. Plaintiff, Eric D. Johnson ("Plaintiff" or "Johnson"), is an adult, black male residing at 3505 West Moreland Road, Apartment C12, Willow Grove, Pennsylvania 19090. Johnson was employed by Independence Blue Cross in or around May 2006 as a Lead Actuarial Analyst. Mr. Johnson is currently employed by Independence Blue Cross.

8. Defendant, Independence Blue Cross ("Defendant" or "IBC"), is a company organized and existing under the laws of the Commonwealth of Pennsylvania and is authorized and does business within the Commonwealth of Pennsylvania with its principle place of business

at 1901 Market Street, Philadelphia, Pennsylvania 19103. At all times relevant, IBC is an employer within the meaning of the applicable legislation cited herein.

## V.     **FACTS**

9.   Johnson began employment with IBC in or around May 2006 as a Lead Actuarial Analyst for PART D Team.

10.   For the first three months, Mr. Johnson reported to Mark Cary, white, Senior Actuary.

11.   In August 2006, IBC began interviewing for the position of PART D Manager.

12.   In an email, Cary provided the members of PART D Team with a summary of responsibilities for the PART D Manager position. Plaintiff was a qualified individual for the Manager position.

13.   In August 2006, Jon Forster, white male, interviewed for the position of PART D Manager.

14.   Jon Forster was not qualified for the PART D Manager position and was not offered the position.

15.   Shortly after Forster's interview in late August 2006, Cary reassigned Plaintiff to work for Bill Smith on the PART C team for no apparent reason.

16.   It is apparent that Cary did not want a minority to become the manager of the PART D team because after Plaintiff was transferred to PART C, in or around October 2006, IBC hired Jon Forster, white, who filled Plaintiff's previous position as Lead Actuarial Analyst for PART D team.

17.   Despite being assigned to the PART C team, Johnson continued to work on almost all PART D projects because Forster was not qualified.

18. Ying Zhang (Minority) was the other Lead Actuarial Analyst for the PART C team. Zhang was originally hired as a Lead Actuarial Analyst for the PART D team, but was removed from this position without any explanation.

19. As a member of the PART C team, Plaintiff had no opportunity for upward mobility.

20. Upon Forster's hire, Cary immediately provided Forster with managerial level assignments and supervisory oversight of the PART D team, despite the fact that he did not qualify for the Manager's position. Plaintiff was not afforded that same opportunity.

21. In September 2007, Rita France, white female, was promoted to the position of Senior Actuarial Analyst for PART D team and was supervised by Forster. This provided Forster with managerial experience which was denied to the Plaintiff.

22. While Plaintiff and Zhang, minorities, both held positions of Lead Actuarial Analyst for the PART D team, neither one was given managerial level assignments or supervisory oversight responsibility like Forster, white, received as the Lead Actuarial Analyst for the PART D team, even though they had the qualifications needed for the Manager position.

23. As the Lead Actuarial Analyst for PART D team with managerial responsibilities, Forster was given an opportunity to be positioned for the promotion to PART D Manager, thereby discriminating against the Plaintiff.

24. Plaintiff and Zhang, the other minority Lead Actuarial Analyst, were denied an equal opportunity to gain managerial and supervisory experience.

25. Cary treated Plaintiff with disrespect in a humiliating manner. Cary did not treat non-minority employees with such disrespect.

26. On or about October 24, 2007, Plaintiff received an interim performance review that failed to reflect Plaintiff's accomplishments.

27. On or about October 25, 2007, Plaintiff submitted a written complaint to human resources complaining of discrimination.

28. In December 2007, Cary sent out an email recognizing Forster's and Rita France's accomplishments and failed to acknowledge Plaintiff's accomplishments, which included discovering errors in the membership enrollment process that were costing the company millions of dollars.

29. In January 2008, IBC informed Plaintiff that it had concluded its investigation of his complaints of discrimination and found his claims unsubstantiated.

30. The day after IBC announced its findings, Cary promoted Forster to PART D Manager, which had coincidently remained open since he initially applied for the position in August 2007.

31. The position of PART D Manager was never posted, and Plaintiff and Zhang were never given an opportunity to express interest in or interview for the position.

32. Cary informed the PART D team that Forster was promoted because of his management level and supervisory assignments. The very same responsibilities for which Forster was consider not qualified to manage in August 2006.

33. Plaintiff was a more qualified candidate for the position of Part D Manager than Forster.

34. IBC's actions denied Plaintiff and Ying Zhang, also a minority, the opportunity to be promoted to PART D Manager.

35. IBC took Plaintiff's position (SR Lead Actuarial Analyst D Team) away from him for no reason and gave it to Forster, a white male. This gave Forster a clear advantage to be promoted to the vacant manager position for the D Team.

36. On or about February 22, 2008, Plaintiff filed a charge of discrimination with the EEOC against IBC.

37. On or about March 14, 2008, Carol Heys, Human Relations Department, notified Plaintiff that IBC received the notification of the EEOC charge.

38. On or about March 20, 2008, IBC sent an internal email to its employees announcing a vacant management position.

39. Plaintiff informed Cary he was interested in the management position.

40. Cary informed Plaintiff he would let Dan Rachfalschi know so he could set up a meeting to discuss.

41. On or about March 28, 2008, Plaintiff received his 2007 Annual Performance Review. The review cited "progressing", which is equivalent to fails to meet expectations.

42. Plaintiff's 2007 Review failed to reflect his overall performance throughout the year and included comments that were fabricated and overly vague.

43. The issues identified in Plaintiff's 2007 Review were not mentioned in his interim review and were only raised after IBC received notice from the EEOC of Plaintiff's initial charge of discrimination.

44. Plaintiff's 2007 Annual Review citing poor performance constitutes retaliation.

45. Given the negative comments in Plaintiff's 2007 Annual Review, Plaintiff felt he had no alternative but to withdraw his pending application for the open management position.

46. As a result of the retaliation by IBC in the form of a poor performance review, Plaintiff was denied another opportunity of promotion to manager.

47. On or about March 30, 2008, and April 1, 2008, Plaintiff contacted Carol Heys in Human Resources and complained he was being retaliated against by management for filing a charge of discrimination with the EEOC.

48. IBC never investigated Plaintiff's complaint of retaliation.

49. IBC has been discriminatory in its project assignments, recognition, and promotions.

50. IBC's actions deprived Plaintiff of equal employment opportunities and adversely affected his status as an employee because of his race (black).

51. Defendant's actions set forth above were intentional, unlawful employment practices.

## COUNT I

### PLAINTIFF CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 1991, 42 U.S.C. §2000e, et seq.

52. Allegations contained in Paragraphs 1 through 52 above are incorporated herein as if set forth in full.

53. Plaintiff was subjected to intentional race discrimination by his supervisor. Plaintiff purposely received disparate treatment on the basis of his race (black).

54. Plaintiff complained about the harassment and discrimination to the managers and supervisors with authority to stop it. Defendant still took no action to correct the offensive conditions which resulted in additional discriminatory acts.

55. Defendant's unlawful employment practices set forth above were intentional and were done so with malice or with reckless indifference to Plaintiff's federally-protected rights,

and perpetuated the corporate culture of discrimination of minorities by maintaining a hostile and demeaning workplace for Plaintiff.

56. Defendant's actions created an intimidating, hostile, offensive environment intolerable to Plaintiff and caused him to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff, Eric D. Johnson, demands judgment in his favor and against Defendant, Independence Blue Cross, in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars for compensatory and punitive damages plus costs of this action; reimbursement of back pay, pension and employment benefits, interest, attorneys fees, and such other equitable relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT II

### PLAINTIFF'S CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended 1991, 42 U.S.C. §2000e, et seq.

### Retaliation for Opposing Unlawful Discrimination

57. Allegations contained in Paragraphs 1 through 57 above are incorporated herein as if set forth in full.

58. Title VII of the Civil Rights Act of 1964 prohibits retaliation against employees for opposing unlawful discrimination or participating in a protected activity.

59. Plaintiff engaged in a protected activity when he filed a Charge of Discrimination with the EEOC in February 2008 against Defendant that set forth the discrimination he endured because of his race (black).

60. As set forth above, Plaintiff suffered adverse employment action from Defendant because he reported unlawful discrimination and harassment he received as a member of a protected class.

61. IBC's conduct in unlawfully retaliating against Plaintiff for reporting unlawful discrimination because of his race was deliberate, was done with malice or with reckless indifference to Plaintiff's federally-protected rights, and perpetuated the corporate culture of discrimination of minorities by maintaining a hostile and demeaning workplace for Plaintiff.

62. Defendant's actions created an intimidating, hostile, offensive environment intolerable to Plaintiff and caused him to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff, Eric D. Johnson, demands judgment in his favor and against Defendant, Independence Blue Cross, in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars for compensatory and punitive damages plus costs of this action; reimbursement of back pay, pension and employment benefits, interest, attorneys fees, and such other equitable relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

### COUNT III

### PLAINTIFF'S CLAIMS UNDER THE CIVIL RIGHTS ACT OF 1866, AS AMENDED 1991, 42 U.S.C. §1981

63. Allegations contained in Paragraphs 1 through 63 above are incorporated herein as if set forth in full.

64. Section 1981 guarantees to all persons the right to make and enforce contracts, including performance, modification, and termination as well as enjoyment of benefits, privileges, terms, and conditions of the contractual relationship.

65. Plaintiff reasonably relied upon Defendant's express and implied representation of good faith and fair dealing and accepted the position offered in reasonable anticipation and belief that he would be treated fairly and equitably by Defendant.

66. In good faith reliance upon the Defendant's promises as aforesaid, Plaintiff put forth his best effort and performed all job duties assigned to him and more than satisfactorily fulfilled all of his job duties and tasks.

67. Despite Plaintiff's best efforts, Defendant's management embarked on a course of racial discrimination in its project assignments, recognition and promotions.

68. The wrongful acts of the Defendant complained of herein were undertaken deliberately, intentionally, and maliciously and based on Plaintiff's race in violation of 42 U.S.C. §1981.

69. Pursuant to 42 U.S.C. §1981, Plaintiff is entitled to an award of compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses sustained by Plaintiff as a result of the Defendant's intentional discrimination against him on the basis of his race.

70. Pursuant to 42 U.S.C. §1981, Plaintiff is entitled to an award of punitive damages where the Defendant engaged in intentional racial discrimination against him and acted with malice or reckless indifference to the federally-protected rights of Plaintiff as an aggrieved individual.

71. Due to the Defendant's impermissible racial animus, Plaintiff has suffered significant financial and emotional distress which has detrimentally affected him and his family.

WHEREFORE, Plaintiff, Eric D. Johnson, demands judgment in his favor and against Defendant, Independence Blue Cross, in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars for compensatory and punitive damages plus costs of this action; reimbursement of back pay, pension and employment benefits, interest, attorneys fees, and such other equitable relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT IV

### PLAINTIFF'S CLAIMS UNDER THE CIVIL RIGHTS ACT OF 1866, AS AMENDED 1991, 42 U.S.C. §1981

#### Retaliation

72. Allegations contained in Paragraphs 1 through 72 above are incorporated herein as if set forth in full.

73. Section 1981 prohibits retaliation against employees for opposing unlawful discrimination or participating in a protected activity.

74. Plaintiff engaged in protected activity when he filed a Charge of Discrimination with the EEOC in February 2008 against the Defendant that set forth the discrimination he endured because of his race.

75. As set forth above, Plaintiff suffered adverse employment action from Defendant because he reported unlawful discrimination and harassment he received as a member of a protected class.

76. Defendant's conduct in unlawfully retaliating against Plaintiff for reporting unlawful discrimination because of his race was deliberate, was done so with malice or with

reckless indifference to Plaintiff's federally-protected rights, and perpetuated the corporate culture of discrimination of minorities by maintaining a hostile and demeaning workplace for Plaintiff.

77. Defendant's actions created an intimidating, hostile, offensive environment intolerable to Plaintiff and caused him to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff, Eric D. Johnson, demands judgment in his favor and against Defendant, Independence Blue Cross, in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars for compensatory and punitive damages plus costs of this action; reimbursement of back pay, pension and employment benefits, interest, attorneys fees, and such other equitable relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT V

### PLAINTIFF'S CLAIMS UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT 43 P.S. § 951 et seq., AS AMENDED 1991

78. Allegations contained in Paragraphs 1 through 79 above are incorporated herein as if set forth in full.

79. Pennsylvania's Human Relations Act, 43 P.S. §951, et seq., provides for compensatory damages in appropriate cases of violation of the Act's prohibition of discrimination and retaliation.

80. 43 P.S. §955(e) makes it illegal for a person, employer, employment agency, labor organization, or employee to aid, abet, incite, compel, or coerce the doing of any act considered an unlawful discriminatory act by the PHRA. Defendant did aid, abet, incite, compel and coerce racial discrimination, harassment, and retaliation toward Johnson.

81. The egregious nature of Defendant's illegal misconduct and the extent of Plaintiff's financial, physical, and emotional injuries and damages justify a recovery of monetary damages for the value of his claims.

WHEREFORE, Plaintiff, Eric D. Johnson, demands judgment in his favor and against Defendant, Independence Blue Cross, in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars for compensatory and punitive damages plus costs of this action; reimbursement of back pay, pension and employment benefits, interest, attorneys fees, and such other equitable relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

Respectfully submitted,

**HILL WALLACK LLP**

BY: _____
JOANNE RATHGEBER, ESQUIRE
TIFFANIE C. BENFER, ESQUIRE
Attorneys for Plaintiff

Dated: September 14, 2009